956 F.2d 1163
 35 Fed. R. Evid. Serv. 400
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie Douglas WIDENER, Defendant-Appellant.
 No. 91-5822.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 14, 1992.
Decided March 9, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-251)
 Linda Sue Spevack, Upper Marlboro, Md., for appellant.
 Richard D. Bennett, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Freddie Douglas Widener appeals his convictions and sentences resulting from his robbery of a federal credit union. Through counsel, Widener claims that the district court erred by admitting testimony under the excited utterance exception (Fed.R.Evid. 803(2)) and by misclassifying him as a career offender based on a 1975 breakingand-entering conviction. Widener, proceeding by himself, also claims that one of the convictions used in classifying him as a career offender was invalid because it was obtained in violation of state law, and that the district court erred by refusing to depart from the sentencing guidelines. Because we find no merit to Widener's appeal, we affirm.
 
 
 2
 * Widener and co-defendant Stephen Duncan were charged with conspiracy, robbing a credit union by use of force, and using a firearm to aid in the commission of a credit union robbery[1] as the result of a robbery which occurred at the Martin Employees Federal Credit Union (CU) in Middle River, Maryland, on May 21, 1990.
 
 
 3
 During Widener's December 1990 trial, co-defendant Duncan testified that following the robbery, he and Widener had gone to a Super 8 motel in East Baltimore to divide the robbery proceeds. Later during the trial, Paul Greer, the brother of Widener's then-girlfriend, Linda Greer, testified that on May 21, 1990, he had received an excited phone call from his hysterical sister, who said that she was in a hotel room in Baltimore and wanted to be picked up. Over Widener's objection, Greer testified that during the call his sister was crying and upset after saying she had fought with Widener, though she did not say when the fight had occurred. The district court considered the testimony relevant because it linked Widener to the room where Duncan claimed he had met Widener after the robbery. Phone company records corroborated Paul Greer's testimony that on May 21, 1990, a five-minute phone call was made to Paul Greer's home phone in Stewartstown, Pennsylvania, from Duncan's Super 8 motel room in Baltimore.
 
 
 4
 Widener was convicted on all three counts and sentenced to a total term of 262 months.
 
 II
 
 5
 Widener contends that Linda Greer's statement to her brother was hearsay and did not qualify as an "excited utterance" under Fed.R.Evid. 803(2). For an excited utterance to be admissible under Fed.R.Evid. 803(2), (1) the declarant must have experienced a startling event or condition and (2) the utterance must have been made by the declarant while still under the stress or excitement of that event. Morgan v. Foretich, 846 F.2d 941, 947 (4th Cir.1988). The basis for this rule is the assumption that an excited declarant will not have had time to reflect on events and to fabricate. Id. at 946.
 
 
 6
 We conclude that Linda Greer's fight with Widener--which culminated in Widener's torching her purse--qualifies as a "startling event" for Rule 803(2) purposes. Id. at 947. The relevant question then is whether the declarant reacted while under the stress of the event. To answer this question, we review several factors, including: (1) the time period between the event and the declaration; (2) the age of the declarant; (3) the physical and mental state of the declarant; (4) the characteristics of the event; and (5) the subject matter of the statement. Id.
 
 
 7
 Although an excited utterance need not be contemporaneous, see United States v. Scarpa, 913 F.2d 993 (2d Cir.1990); Gross v. Greer, 773 F.2d 116, 119-20 (7th Cir.1985), it must be made before enough time has elapsed to allow the exciting influence to dissipate. See United States v. Sherlock, 865 F.2d 1069 (9th Cir.1989); United States v. Moss, 544 F.2d 954 (8th Cir.1976), cert. denied, 429 U.S. 1077 (1977).
 
 
 8
 The fact that the time lapse between the occurrence of the exciting event and the excited utterance is not precisely known does not preclude admission of the utterance pursuant to the Rule 803(2) exception if there is evidence that the declarant appeared excited when the statement was made and there was a reasonable basis for this continuing excitement. See United States v. Moore, 791 F.2d 566, 572 (7th Cir.1986). Therefore, although the record does not reveal precisely when Linda Greer fought with Widener, we find that the district court did not abuse its discretion by admitting this testimony, since it is evident that Linda Greer's statement was made while she was still under the stress or excitement aroused by the event.
 
 
 9
 Widener also argues that it was error for the district court to sentence him as a career offender based in part on his conviction for housebreaking[2] because: (1) this was not a "crime of violence" within the meaning of the sentencing guidelines, and (2) his 1974 breakingand-entering conviction was based solely on the uncorroborated testimony of a co-conspirator.
 
 
 10
 Initially, it is clear that this claim need not be addressed because the housebreaking offense is merely one of three predicate offenses. Therefore, even if this Court disregarded the housebreaking offense, Widener's convictions for armed robbery and possession of codeine with intent to distribute are sufficient under United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1991). Moreover, Widener cannot prevail on the merits because his housebreaking conviction under Md.Ann.Code art. 27 § 30(b) makes entry into a dwelling an element of the offense. Thus, Widener is guilty of a burglary of a dwelling under U.S.S.G. § 4B1.2(1)(ii), and is properly considered a career offender. See United States v. Wilson, --- F.2d ----, No. 90-5203 (4th Cir. Dec. 3, 1991). See also United States v. Raynor, 939 F.2d 191 (4th Cir.1991). Therefore, Widener's arguments are meritless.
 
 
 11
 In his supplemental brief, Widener raises two additional arguments. He first argues that because his housebreaking conviction was obtained in violation of Maryland law requiring corroboration of an accomplice's testimony to sustain a conviction, that conviction should not be counted in classifying him as a career offender. Although it is true that convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score, U.S.S.G. § 4A1.2, comment (n. 6), as noted previously, it is clear that the conviction in dispute did not affect Widener's classification as a career offender.
 
 
 12
 In addition, Widener argues that the district court erred by refusing to depart downward because his classification as a career offender clearly overstated the actual seriousness of his past behavior. To the extent that Widener argues that the district court was unaware it had the authority to depart downward, the record of the sentencing hearing refutes Widener's assertion. Otherwise, we cannot consider this claim because this Court lacks the authority to review a refusal to depart. United States v. Bayerle, 898 F.2d 28, (4th Cir.). cert. denied, 59 U.S.L.W. 3244 (U.S. Oct. 1, 1990) (No. 89-1934).
 
 III
 
 13
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The crimes with which the Defendants were charged are codified as follows: Count 1--Conspiracy (18 U.S.C. § 371 (1988)); Count 2--Robbery by use of force (18 U.S.C. §§ 2113(a) & (g) (1988 and Supp. I 1989), 18 U.S.C. § 2 (1988)); Count 3--Robbery by use of firearm (18 U.S.C. § 2113(d) & (g) (1988 and Supp. I 1989), 18 U.S.C. § 2 (1988))
 
 
 [2]
 Widener was convicted of breaking into a dwelling, in violation of Md.Ann.Code Art. 27 § 30(b)(1992), and sentenced to six years in prison. (Government brief at 12)